## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## (INDIANAPOLIS DIVISION)

| | |
|---|---|
| AMY MICHELE FRAZIER<br>c/o Hassler Kondras Miller, LLP<br>100 Cherry Street<br>Terre Haute, Indiana 47807<br><br>*On Behalf of Herself and All*<br>*Other Similarly Situated Individuals*<br><br>      PLAINTIFF[1],<br><br> v.<br><br>THE HIPHUGGER, LLC<br>805 Belvedere Drive<br>Kokomo, Indiana 46901<br><br>SERVE:   Donald L. Draper, Registered Agent<br>              805 Belvedere Drive<br>              Kokomo, Indiana 46901<br><br>      DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Case No.: 1:23-cv-685<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*************************************************************************

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.  This is a Class and Collective Action brought by Amy Michele Frazier ("Plaintiff") against Defendant, The Hiphugger, LLC d/b/a the Hiphugger Gentlemen's, located at 805 Belvedere Drive, Kokomo, Indiana 46901 (hereafter "Hiphugger" or "Defendant").

2.  The Class and Collective are each composed of female employees who, during the relevant period of April 20, 2020, through the date of judgment in this case, worked or performed as exotic dancers at or in Defendant's Hiphugger Gentlemen's Club in Kokomo, Indiana ("the Class Members" during the "Class Period").

---

[1] To avoid retaliation, Plaintiff has used the mailing address of her attorney.

3.  During the Class Period, Defendant misclassified Plaintiff and each of the Class Members as non-employee "independent contractors."

4.  As a result of Defendant's class-wide misclassification of Plaintiff and each of the Class Members during the Class Period, Defendant failed to pay Plaintiff and each of the Class Members full and timely payment of minimum wage compensation and retention of earned tips as required by the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Indiana Wage Payment Statute, I.C. 22-2-5, *et seq.* ("IWPS")

5.  Plaintiff brings this Class and Collective action Against Defendant seeking class-wide recovery of unpaid wages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6.  Plaintiff is an adult resident of Wabash, Indiana.

7.  Plaintiff has attached hereto her Consent Form to participate in a Collective Action to recover unpaid wages and damages against Defendant under the FLSA.  *See* Consent Form attached hereto as Exhibit 1.

8.  Defendant is a limited liability company, formed under the laws of the State of Indiana, operating as the Hiphugger Gentlemen's Club, an adult entertainment establishment located in Kokomo, Indiana, featuring female exotic dancers.

9.  During the Class Period, Defendant, through its officers, managers, supervisors, and other employees and contractors, controlled and dictated the day-to-day operations of the Hiphugger Gentlemen's Club.

10.      During the Class Period, Defendant, through managers, supervisors, employees, agents or assigns, supervised and directed the employment of Plaintiff and all other Class Members while working or performing as exotic dancers for, at, or in Defendant's Hipphugger Gentlemen's Club.

11.      During the Class Period, Defendant had the power to hire, discipline, suspend, or terminate the employment of Plaintiff and all other Class Members while working or performing as exotic dancers for, at, or in Defendant's Hipphugger Gentlemen's Club.

12.      During the Class Period, Defendant qualified as Plaintiff's employer and the employer of all other Class Members and all other Class Members while each worked or performed as exotic dancers for, at, or in Defendant's Hipphugger Gentlemen's Club, within the meaning of the FLSA and IWPS.

13.      During the Class Period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

14.      This Court has personal jurisdiction over Defendant, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated IWPS state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

15.      During the period 2017 through the date of Plaintiff's voluntary resignation in or about May 2022, Plaintiff was employed by Defendant to work or perform as an exotic dancer for the entertainment of Defendant's customers at Defendant's Hipphugger Gentlemen's Club in Kokomo, Indiana.

16.   During the Class Period, the number of shifts Plaintiff worked varied from week to week.

17.   During the Class Period, the exact number of hours Plaintiff worked varied from week to week.

18.   During the Class Period, Plaintiff customarily worked between four (4) to six (6) shifts for an average total of about thirty (30) to forty (40) hours per week.

19.   On information and belief, Defendant has possession of time and/or sign in for Plaintiff and all other Class Members working or performing as exotic dancers for, at, or in Defendant's Hipphugger Gentlemen's Club during the Class Period.

20.   During the Class Period, Defendant had actual knowledge of all hours Plaintiff and all other Class Members working or performing as exotic dancers for, at, or in Defendant's Hipphugger Gentlemen's Club worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of all other Class Members.

21.   During the Class Period, Defendant never paid Plaintiff or any other Class Member any wages or other form of compensation for the hours each worked or performed as exotic dancers at or in Defendant's Hipphugger Gentlemen's Club.

22.   During the Class Period, Defendant misclassified Plaintiff and all other Class Members as non-employee independent contractors when each should have been classified as Defendant's employees under the FLSA and IWPS.

23. During the Class Period, Defendant controlled the job duties for Plaintiff and all other Class Members working or performing as exotic dancers at or in Defendant's Hiphugger Gentlemen's Club through employment rules and workplace policies.

24. During the Class Period, Defendant controlled the method by which Plaintiff and all other Class Members working or performing as exotic dancers at or in Defendant's Hiphugger Gentlemen's Club could earn money by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

25. During the Class Period, Defendant required Plaintiff and all other Class Members working or performing as exotic dancers in or at Defendant's Hiphugger Gentlemen's Club to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

26. Prior to or during the Class Period, Defendant hired Plaintiff and all other Class Members and had the ability, authority, and retained right to discipline them, fine them, fire them, and adjust their work schedules.

27. During the Class Period, Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other Class Members working or performing as exotic dancers at or in Defendant's Hiphugger Gentlemen's Club to make sure their job performance was of sufficient quality.

28. Prior to or during the Class Period, Defendant conducted initial interviews and vetting procedures for Plaintiff and all other Class Members and, Defendant's sole discretion, Defendant could deny Plaintiff or any other Class Member's access or ability to work or perform as an exotic dancer Defendant's Hiphugger Gentlemen's Club.

29. During the Class Period, Defendant had the ability, authority, and retained the right to suspend or send Plaintiff and all other Class Members home and away from Defendant's Hipphugger Gentlemen's Club if Plaintiff or any other Class Member violated Defendant's rules or policies or if Defendant, at its discretion, did not want Plaintiff or any other Class Member working at or in Defendant's Hiphugger Gentlemen's Club.

30. During the Class Period, as a condition of employment and/or continued employment with Defendant as an exotic dancer working or performing at or in Defendant's Hiphugger Gentlemen's Club, Defendant did not require Plaintiff or any other Class Member to have or possess any requisite certification, education, or specialized training.

31. During the Class Period, Defendant was in the business of operating the Hiphugger Gentlemen's Club, an adult entertainment establishment, featuring exotic dancers.

32. During the Class Period, it was the job duty of Plaintiff and each Class Member to work or perform as an exotic dancer for the entertainment of Defendant's customers at or in Defendant's Hiphugger Gentlemen's Club.

33. During the Class Period, Defendant required Plaintiff and all other Class Members to pay Defendant a mandatory tip deduction and/or assignment in the amount of fifty percent (50%) of the total tips Plaintiff and each Class Member received from Defendant's customers.

34. During the Class Period, Defendant required Plaintiff and all Class Members to pay and/or assign about $20.00 of tips earned each shift to Defendant's DJ and about $20.00 of tips earned each shift to Defendant's bartender(s).

35. On information and belief, during the Class Period, Defendant had actual or constructive knowledge that Defendant misclassified Plaintiff and all other Class Members as independent contractors instead of as employees.

36.  On information and belief, during the Class Period, Defendant had actual or constructive knowledge that its failure to fully and timely pay Plaintiff and all other Class Members minimum wage compensation required by Federal and Indiana Law and its policy or practice charging unlawful tip deductions and/or assignments against Plaintiff and the other Class Members was in direct violation of the FLSA and the IWPS.

## CLASS ALLEGATIONS

37.  Plaintiff brings her Count for relief under the IWPS individually and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38.  The Rule 23 Class is defined in this matter as all individuals, who at any time during the period April 20, 2020, through the date of judgment in this matter, worked or performed as an exotic dancer at or in Defendant's Hiphugger Gentlemen's Club ("the Rule 23 Class").

39.  On information and belief, the Rule 23 Class is believed to exceed one hundred (100) individuals and is therefore so numerous that joinder of all members is impracticable.

40.  There are questions of law and fact common to Plaintiff and the members of the Rule 23 Class that predominate over any questions solely affecting individual members, including, but not limited to:

  i.  Whether Plaintiff and the members of the Rule 23 Class were Defendant's employees as the term is defined under the IWPS;

  ii.  Whether Defendant's failure to fully and timely pay all earned and required wages to Plaintiff and the members of the Rule 23 Class violated the IWPS; and

  iii.  Whether Defendant's taking and retention of Plaintiff and the Rule 23 Class Members' earned tips violated the IWPS.

41. Plaintiff's individual claims against Defendant under the IWPS are typical and substantially similar to the IWPS claims belonging to the members of the Rule 23 Class.

42. Defendant's misclassification of Plaintiff and the members of the Rule 23 Class as non-employee contractors and unlawful taking, retention, and/or assignment of tips earned by Plaintiff and the members of the Rule 23 Class was perpetrated by Defendant pursuant to Defendant's common business practice.

43. Defendant denied Plaintiff and the members of the Rule 23 Class their rights to timely payment of wages and retention of earned tips pursuant to Defendant's unlawful, common, and class-wide business practices.

44. Plaintiff and her undersigned counsel are adequate representatives of the Rule 23 Class.

45. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the members of the Rule 23 Class.

46. Plaintiff has no interests that are antagonistic to the members of the Rule 23 Class or that would cause them to act adversely to the best interests all members of the Rule 23 Class.

47. Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

48. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class which would establish incompatible standards of conduct for Defendant.

49. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff is pursuing this lawsuit as Collective Action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who at any time during the period April 20, 2020, through the date each individual submits her opt-in Consent Form, worked for Defendant as an exotic dancer at or in Defendant's Hiphugger Gentlemen's Club and was designated or classified by Defendant as a non-employee independent contractor, arising therefrom, was not paid by Defendant for compensable hours worked at a direct hourly rate at least equal to the Federal Minimum Wage as required by the FLSA (hereinafter, "the FLSA Collective").

51. Plaintiff and the members of the FLSA Collective are similarly situated because each, while working or performing as exotic dancers at or in Defendant's Hiphugger Gentlemen's Club during the Class Period: (1) were improperly classified by Defendant as non-employee independent contractors; (2) were damaged by Defendant's taking, retention, and/or assignment of earned tips received from Defendant's customers; and (3) were not paid wages by Defendant at or above the Federal Minimum Wage of $7.25 for each hour worked.

52. Plaintiff's damages are substantially similar to other members of the FLSA Collective because, under the FLSA, each are owed: (1) reimbursement of all tips taken, retained, and/or assigned by Defendant; (2) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (3) liquidated damages as provided by the FLSA.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA

53. Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

54. During the Class Period, the FLSA required Defendant to pay Plaintiff and each member of the FLSA Collective at a direct hourly wage rate at least equal to the Federal Minimum Wage.

55. During the Class Period, the FLSA required that Defendant allow Plaintiff and each member of the FLSA Collective to keep all tips received from Defendant's customers.

56. As set forth above, during the Class Period, Defendant unlawfully failed to pay Plaintiff and each member of the FLSA Collective at direct hourly rates in compliance with the FLSA at or above the Federal Minimum Wage ($7.25 per hour).

57. As set forth above, during the Class Period, without legal excuse or justification, Defendant unlawfully kept and/or assigned earned tips and received by Plaintiff and each member of the FLSA Collective.

58. During the Class Period, Defendant's unlawful taking and/or assigning of Plaintiff and the members of the FLSA Collective's earned tips and failure to pay Plaintiff and each member of the FLSA Collective direct hourly wages at or above the Federal Minimum Wage for all hours worked as required by the FLSA was willful and intentional and was not in good faith.

### COUNT II
### VIOLATION OF INDIANA WAGE PAYMENT STATUTE

59. Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

60. During the Class Period, the IWPS required Defendant to timely and fully pay Plaintiff and each member of the Rule 23 Class at a direct hourly rate at least equal to the Indiana Minimum Wage for all compensable hours worked each pay period.

61. During the Class Period, the IWPS required that Defendant allow Plaintiff and each member of the Rule 23 Class to keep all earned tips received from Defendant's customers each pay period.

62. As set forth above, during the Class Period, each pay period, Defendant violated the IWPS by failing to fully and timely pay Plaintiff and each member of the Rule 23 Class direct hourly wages at or above the Indiana Minimum Wage.

63. As set forth above, during the Class Period, each pay period, Defendant violated the IWPS by keeping and/or assigning tips earned by Plaintiff and each member of the Rule 23 Class.

64. During the Class Period, Defendant's violations of the IWPS related to Plaintiff and each Rule 23 Class Member each pay period was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiff's claims against Defendant under the IWPS to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a Collective Action under § 216(b) of the FLSA and ordering notice to each member of the FLSA Collective at the earliest opportunity to ensure the members of the FLSA Collective's FLSA claims are not lost to the FLSA statute of limitations;

C.  Judgment against Defendant for failing fully and timely pay all earned and required wages and tips to Plaintiff and each member of the Rule 23 Class during the Class Period as required by the IWPS;

D.  Judgment against Defendant for failing to pay Plaintiff and each member of the FLSA Collective minimum wage compensation and earned tips during the Class Period as required by the FLSA;

E.  Judgment that Defendant's violations of the IWPS full and timely wage payment and earned tip retention requirements were not the product of good faith on the part of Defendant;

F.  Judgment that Defendant's violations of the FLSA minimum wage and earned tip retention requirements were not the product of good faith on the part of Defendant;

G.  Judgment that Defendant's violations of the IWPS wage requirements were willful;

H.  Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

I.  An award to Plaintiff and each Class Members in the amount of all unpaid wages and unlawfully deducted and/or assigned earned tips found to be due and owing to Plaintiff and each Class Member for all compensable work hours each individual worked or performed as an exotic dancer at or in Defendant's Hiphugger Gentlemen's Club during the Class Period;

J.  An award of statutory liquidated damages in amounts prescribed by the IWPS;

K.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

L.  An award of attorneys' fees and costs to be determined by post-trial petition; and

M.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: April 20, 2023

/s/*Robert P. Kondras, Jr.*_____
Robert P. Kondras, Jr., IN Bar No.: 18038-84
Hassler Kondras Miller, LLP
100 Cherry Street
Terre Haute, Indiana 47807
Telephone: (812) 232-9691
Email:  kondras@hkmlawfirm.com

Gregg C. Greenberg, MD Fed. Bar No. 17291
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:  (301) 587-9373
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*