**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMY MICHELE FRAZIER, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:23-cv-685-SEB-MJD ) |
| THE HIPHUGGER, LLC | ) ) |
| Defendant, | ) |

***PLAINTIFF'S APPLICATION FOR A FOR DEFAULT JUDGMENT AND MOTION FOR HEARING ON DAMAGES***

Comes now Plaintiff Amy Michelle Frazier ("Frazier"), by her counsel of record, and pursuant to FRCP 55(b)(2), applies for a judgment by default against Defendant The Hiphugger, LLC. Additionally, Frazier seeks a motion for hearing on her individual damages and other relief, including, conditional certification of this action as a collective action under the Fair Labor Standards Act ("FLSA") and/or a Rule 23 class action raising claims under the Indiana Wage Payment Statute, see 29 USC § 216(b) and I.C. 22-2-5. In support of this application and motion, Frazier would show the Court as follows:

1.      Frazier filed her Class and Collective Action Complaint against Defendant on April 20, 2023. [Dkt. 1.] She alleged individual and class-wide wage and hour violations arising under the FLSA and the Indiana Wage Payment Statute.

2.      Frazier properly served the Complaint on Defendant via its agent registered with the Indiana Secretary of State on April 26, 2023. Frazier filed proof of service on Defendant with the Court on May 1, 2023. [Dkt. 6.]

3.      It has now been more than six (6) weeks since Frazier's Complaint was served

upon Defendant.

4.      Defendant has failed to file any Answer or responsive pleading to Plaintiff's

Complaint. Defendant has failed to make any contact with Plaintiff's counsel, personally or via

any attorney. Defendant has not defended itself in any manner as required by the Federal Rules

of Civil Procedure.

5.      The Affidavit of Plaintiff's counsel, Robert P. Kondras, Jr., is attached hereto in

support of this Motion for Entry of Default.

6.      Frazier asks that the Court schedule a hearing for her to present evidence of her

damages. Additionally, Frazier may seek other relief, including a motion to certify this action as

a Rule 23 class action and/or to conditionally certify this matter as a FLSA collective action.[1]

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
Phone: (812) 232-9691
Fax: (812) 234- 2881
kondras@hkmlawfirm.com

Gregg C. Greenberg
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400

---

[1]Frazier cannot obtain a default judgment for absent class members who have not opted in and/or are not actively participating in the existing lawsuit. *Noboa v. Toron Restoration Corp*., 2015 WL 1672815, at *5 (E.D.N.Y. Mar. 26, 2015). See *Rodriguez v. Almighty Cleaning, Inc*., 784 F.Supp.2d 114, 132–33 (E.D.N.Y. 2011) (granting plaintiffs' motion to conditionally certify a collective action and the named plaintiffs' motion for default judgment, but concluding that "a default judgment is not warranted as to any potential opt-in plaintiffs who may subsequently consent to become a party to this action"); *James v. Claiborne*, 2009 WL 994951, at *3 (W.D. La. April 13, 2009) (collectively certifying the lawsuit as a collective action *sua sponte*, and granting the motion for default judgment with respect to the named plaintiffs, but denying the motion for default judgment with respect to the opt-in plaintiffs)."

Silver Spring, MD 20910
Ggreenberg@ZAGFirm.com

### *CERTIFICATE OF SERVICE*

I certify on June 8, 2023, a copy of the following pleading was filed electronically. I further certify that a copy of the above and foregoing Notice was served upon the following parties by depositing a copy of same in the U.S. Mail, first-class postage affixed thereto on June 8, 2023.

The Hiphugger, LLC
c/o Don Draper
805 Belevedere, Dr.
Kokomo, IN 46904

HASSLER KONDRAS MILLER LLP

/s/Robert P. Kondras, Jr.
Robert P. Kondras